4:26-cv-00061-RPC-JMV

## IN THE CIRCUIT COURT OF GRENADA COUNTY, MISSISSIPPI

**SHANE BRACKO**                                                                                    **PLAINTIFF**

**VS.**                                                                      CAUSE NO. ___26-CV-120 LA___

**TESLA, INC. and**
**JP MORGAN CHASE BANK, N.A.**                                                   **DEFENDANTS**

---

### COMPLAINT

---

COMES NOW, Plaintiff, Shane Bracko, by and through counsel, and files this, their Complaint for Jury Trial, against the Defendants, Tesla, Inc. and JP Morgan Chase Bank, N.A., and in support thereof would respectfully show the following facts, to-wit:

---

### PARTIES, VENUE, AND JURISDICTION

---

1.      That Plaintiff is an adult resident citizen of Grenada County, Mississippi, and who resides at 816 Conley Road, Gore Springs, Mississippi 38929.

2.      That Defendant, Tesla, Inc., is a foreign corporation, incorporated under the laws of the State of Texas, doing business within the State of Mississippi, and whose agent of process is and may be served at C.T. Corporation System, 8927 Lorraine Rd. Suite 204-A, Gulfport, Mississippi 39503.

3.      Defendant JP Morgan Chase Bank, N.A., is a Foreign Profit Corporation and whose agent of process is and may be served at CT Corporation System, 645 Lakeland East Drive, STE 100, Flowood, Mississippi 39232.

4.      This Court has jurisdiction of both the subject matter and the parties herein.

EXHIBIT "A"

## FACTUAL AND LEGAL ALLEGATIONS

5. On August 9, 2025, Shane Bracko ("Plaintiff") purchased a new 2025 Tesla Cybertruck (VIN#) 7G2CEHED0SA072307 ("Subject Vehicle" or "Vehicle") from Tesla Motors TN, Inc. ("Dealership"), located at 3020 N Germantown Road, Bartlett, Tennessee 38133.

6. The purchase included manufacturer warranty(ies), and financing was secured through Defendant JP Morgan Chase Bank, N.A.

7. Immediately after receiving vehicle while driving off the Dealership's lot, the vehicle's electronic display illuminated, indicating a critical air suspension fault.

8. Plaintiff immediately questioned Dealership representative regarding the indicated fault, and the representative informed the Plaintiff the issue was minor, would reset automatically, and the Plaintiff could safely drive the vehicle to his Mississippi residence.

9. During the month of August, 2025 and through September, 2025, the vehicle warning systems indicated suspension malfunction(s), severely limiting Plaintiff's use of the subject vehicle.

10. On or around September 23, 2025, after numerous attempts by the Plaintiff to secure a repair appointment for the subject vehicle, the vehicle was brought to Dealership for repair.

11. Dealership performed warranted repairs, including but not limited to replacement of the air suspension compressor, tonneau repair to manage water exposure, and windshield replacement.

12. On September 27, 2025, Plaintiff received the vehicle from the Dealership.

13. Despite repair, Plaintiff's vehicle periodically displayed notifications regarding suspension overheating and other various system failure(s).

14. Additionally, Plaintiff noticed additional vehicle malfunction(s), including but not limited to excessive vibration of driver's side mirror, broken rear bed closeout panel, and tonneau cover panel.

15. On November 4, 2025, Plaintiff brought vehicle for repair(s) to a different Tesla Motors TN, Inc., located at 122 Market Exchange CT, Franklin, Tennessee 37067.

16. The warranted repairs included but are not limited to; (1) replacement of left rear bed closeout panel, (2) replacement of windshield, due to previously replacement windshield being cracked prior to installment, (3) repair of the tonneau cover panel and (4) various cosmetic repairs.

17. On November 7, 2025, Plaintiff received the vehicle from dealership.

18. Despite these repairs, Plaintiff's vehicle continued to intermittingly display suspension overheating and system failure notifications.

19. On December 23, 2025, Plaintiff, while operating the vehicle noticed suspension system failure and overheating warning notifications.

20. Almost simultaneously, the vehicle's steering failed, and Plaintiff was unable to control the vehicle.

21. As a result of the aforementioned vehicle failure(s), the Plaintiff was involved in an accident, when the vehicle left the roadway and crashed into a drainage ditch.

22. Due to the vehicle's location within a substantially deep drainage ditch, a specialized tow truck was required to retrieve Plaintiff's vehicle. The tow company impounded the vehicle.

23. Plaintiff filed a claim with the vehicle's insurer GEICO, due to the accident.

24. ICON EV Collision Services was selected to repair the damage sustained by the vehicle due to the accident.

25. On or around January 6, 2026, vehicle was delivered to ICON Collision Services.

26. Plaintiff has attempted numerous times to contact ICON and Defendant Tesla, Inc. regarding the repair status of the vehicle, but has not received communication regarding the repairs.

27. As of March 5, 2026, Plaintiff does not have possession of the vehicle, and remains financially liable for the vehicle.

28. Pursuant to the Federal Trade Commission Holder Rule, 16 C.F.R. § 433.2, JP Morgan Chase Bank, N.A., is liable to Plaintiff(s) for all claims and defenses arising from the acts and/or omissions of Defendant Tesla, Inc. in connection with the subject transaction.

---

## VIOLATION OF MISSISSIPPI MOTOR VEHICLE WARRANTY ENFORCEMENT ACT "LEMON LAW" MS CODE ANN § 63-17-151 -§ 63-17-161

---

29. Plaintiff fully repeats and incorporates the previous paragraphs, as set forth hereinabove.

30. Plaintiff is a "consumer" under the Mississippi Motor Vehicle Warranty Enforcement Act ("Lemon Law") MS Code Ann § 63-17-155(c).

31. Defendant Manufacturer is a "manufacturer" under the Lemon, MS Code Ann §.63-17-155 (e).

32. The Subject Vehicle is a "motor vehicle" under the Lemon Law, MS Code Ann § 63-17-155 (f).

33. The Subject Vehicle has been subject to a reasonable number of repair attempts for the aforementioned defects, MS Code Ann § 63-17-159(3). During the period of the express warranty or one (1) year following the date of original delivery of the motor vehicle to a consumer, whichever expires earlier, either:

a. Substantially the same nonconformity has been subject to repair three (3) or more times by the manufacturer or its agent and such nonconformity continues to exist; or,

b. The vehicle is out of service by reason of repair of the nonconformity by the manufacturer or its agent for a cumulative total of fifteen (15) or more working days, exclusive of downtime for routine maintenance as prescribed by the owner's manual, since the delivery of the vehicle to the consumer.

34. All attempted repairs were unsuccessful as the Subject Vehicle continues to have the aforementioned defects.

35.     The aforementioned defects substantially impair the use or value of the Subject Vehicle to Plaintiff and prevent the Subject Vehicle from conforming to the Manufacturer's factory warranty.

## BREACH OF MAGNUSON-MOSS WARRANTY ACT

36.     In order to prevent repetition, the Plaintiff hereby incorporate by reference and re-allege the information set forth in the forgoing paragraphs. Plaintiff alleges Breach of Magnuson-Moss Warranty Act regarding the 2025 Tesla Cybertruck.

37.     The Court has jurisdiction to decide claims brought under 15 U.S.C. § 2301 et seq., by virtue of 15 U.S.C. § 2310(d)(1)(A).

38.     The Plaintiff is a "Consumer" as defined by 15 U.S.C. § 2301(3).

39.     The Defendant(s) is a "Supplier" and "Warrantor" as defined by 15 U.S.C. § 2301(4)(5).

40.     The 2025 Tesla Cybertruck is a "Consumer Product" as defined by 15 U.S.C. § 2301(1).

41.     The actions of Defendant Tesla, Inc. as hereinabove described, in failing to tender the proper repairs to the Plaintiff's 2025 Tesla Cybertruck, constitute a violation of the Magnusson-Moss Warranty Act.

42.     Despite repeated demands and repair attempts, and despite the fact that the Plaintiff has complied with all reasonable terms and conditions imposed upon him by Defendant, the Defendant failed to cure any defects and non-conformity with the subject warranty for Plaintiff's vehicle.

43. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to recover as part of the judgement, costs and expenses of the suit including attorney's fees based on actual time expended.

## BREACH OF CONTRACT

44. In order to prevent repetition, the Plaintiff hereby incorporate by reference and re-allege the information set forth in the forgoing paragraphs. Plaintiff alleges Breach of Contract regarding Plaintiff's vehicle.

45. "A claim for breach of contract, by its very nature, is not a claim for damages caused by a product. Under Mississippi law, a plaintiff asserting any breach of contract claim has the burden to prove by a preponderance of the evidence (1) that a valid and binding contract exists; and (2) that the defendant has broken or breached it without regard to the remedy sought or the actual damage sustained." *Sunshine Mills, Inc. v. Nutra-Blend, LLC.*, 417 So.3d 133, 139 (¶13) (Miss. 2025) citing *White v. Jernigan Copeland Att'ys, PLLC,* 346 So.3d 887, 896 (¶17) (Miss. 2022).

46. "An agreement must include the following elements to be a valid contract: (1) two or more contracting parties, (2) consideration, (3) an agreement that is sufficiently definite, (4) parties with legal capacity to make a contract, (5) mutual assent, and (6) no legal prohibition precluding contract formation." *JP&G LLC v. Voss,* 331 So.3d 569, 579 (¶20) (Miss. Ct. App. 2021) citing *Grenada Living Ctr. LLC v. Coleman,* 961 So.2d 33, 37 (¶9) (Miss. 2007).

47. Here, the elements demonstrating the valid formation of a contract exists. Plaintiff contends Defendant(s) breached the agreement by failure to competently repair

Plaintiff's vehicle, therefore breaching the warranty and/or service contract with the Plaintiff.

---

## BREACH OF EXPRESS WARRANTY

---

48.     In order to prevent repetition, the Plaintiff hereby incorporate by reference and re-allege the information set forth in the forgoing paragraphs. Plaintiff alleges Breach of Express Warranty regarding Plaintiff's vehicle.

49.     *Miss. Code Ann.* § 75-2-313(1)(a) provides "Express warranties by the seller are created as follows:  Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise."

50.     *Miss Code Ann.* § 75-2-313(1)(b) provides "Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description."

51.     "[A]n express warranty is any affirmation of fact or promise which concerns the product and becomes part of the basis for the purchase of such a product. Fault does not need to be shown to establish a breach. The plaintiff need only show that the product did not live up to its warranty." *Forbes v. General Motors Corp.*, 935 So.2d 869, 876 (¶11) (Miss. 2006) *See also Austin v. Will-Burt Co.*, 232 F.Supp. 2d 682, 687 (N.D. Miss. 2002) citing *Albritton v. Coleman Co.*, 813 F.Supp. 450, 455 (S.D. Miss. 1992).

52.     Here, Plaintiff purchased a brand-new vehicle from Defendant. The brand-new status promised by the Defendant which was part of the Plaintiff's decision to

purchase the vehicle. Thus, Defendant's promise of the brand-new status of the vehicle was part of the basis of the bargain.

53.     Defendant created an express warranty the vehicle would function as a brand-new vehicle, and would not have numerous repairable issues within months after purchase. Therefore, Defendant breached the Express Warranty with the Plaintiff.

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

54.     In order to prevent repetition, the Plaintiff hereby incorporate by reference and re-allege the information set forth in the forgoing paragraphs. Plaintiff alleges Breach of Implied Warranty of Merchantability regarding Plaintiff's vehicle.

55.     "The implied warranty of merchantability is found in *Miss. Code Ann.* § 75-2-314. This section provides in pertinent part: (1) a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind, (2) in the case of fungible goods, they are of fair average quality within the description, and (3) are fit for the ordinary purposes for which such goods are used." *CEF Enter., Inc. v. Betts*, 838 So.2d 999, 1003 (¶14) (Miss. Ct. App. 2003).

56.     "To recover for breach of an implied warranty, the plaintiff must establish: (1) the defendant was a merchant which sold goods of the kind involved in the transaction, (2) that the defect was present when the product left the defendant's control, and (3) the injuries to the plaintiff were caused proximately by the defective nature of the goods." *Id.* at (¶15).

57. Here, Defendant Tesla, Inc. was in the business of selling vehicles. Plaintiff's vehicle had numerous issues within a relative short time period after purchase, which arguably existed prior to purchase.

58. Defendant breached due to the vehicle's numerous warranted repairs, and the vehicle not being fit for ordinary use as an automobile. These defect(s) prevented the ordinary use of the automobile, and the injury was caused by the defective nature of the vehicle.

## NEGLIGENCE

59. In order to prevent repetition, the Plaintiff hereby incorporate by reference and re-allege the information set forth in the forgoing paragraphs.

60. Plaintiff alleges Negligence regarding the repairs to his vehicle.

61. "To prevail on a negligence, claim in Mississippi, the plaintiff must allege and prove the four basic tort elements for negligence: (1) duty, (2) breach, (3) causation, and (4) injury." *Otts v. Lynn*, 955 So.2d 934, 941 (¶26) (Miss. Ct. App. 2007) citing *Green v. Dalewood Prop. Owners Assoc., Inc.*, 919 So.2d 1000, 1005 (¶10) (Miss. 2005).

62. Here, Defendant had a duty to repair Plaintiff's vehicle. Defendant breached that duty, due to failure to competently make the warranted repairs. But for Defendant's negligent repair(s), Plaintiff(s) suffered damages such as lost use of his vehicle.

## NEGLIGENT MISREPRESENTATION

63. In order to prevent repetition, the Plaintiff hereby incorporate by reference and re-allege the information set forth in the forgoing paragraphs.

64. "To prevail on a claim of negligent misrepresentation at trial, a plaintiff must prove each of the following elements by a preponderance of the evidence: (1) a misrepresentation or omission of a fact; (2) that the representation or omission is material or significant; (3) that the person/entity charged with negligence failed to exercise that degree of diligence and expertise the public is entitled to expect of such persons/entities; (4) that the plaintiff suffered damages as a direct and proximate result of such reasonable reliance." *International Assoc. of Certified Home Inspectors v. HomeSafe Inspection, Inc.*, 335 So.3d 583, 597 (¶65) (Miss. Ct. App. 2022) citing *Saucier v. Peoples Bank of Biloxi*, 150 So.3d 719, 731 (¶52) (Miss. Ct. App. 2014).

65. Defendant misrepresented the Plaintiff's vehicle was competently repaired, and the warrantied repair(s) resolved the issue(s) that caused the Plaintiff's vehicle to malfunction.

66. The misrepresentation was significant, since Plaintiff's vehicle continued to malfunction, due to Defendant's failure to competently repair the malfunctioning vehicle acceleration.

67. Defendant failed to exercise any degree of diligence, such as confirming the vehicle was properly repaired.

68. Plaintiff(s) suffered damages including but not limited to significant personal use of their vehicle.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

69.    In order to prevent repetition, the Plaintiff hereby incorporate by reference and re-allege the information set forth in the forgoing paragraphs.

70.    "We recognize that '[t]he tort of negligent infliction of emotional distress requires a plaintiff to plead and prove some sort of injury or demonstrable harm, whether it be physical or mental, and that harm must have been reasonably foreseeable to the defendant'." *Pointer v. Rite Aid Headquarters Corp.*, 327 So.3d 159, 172 (¶49) (Miss. Ct. App. 2021).

71.    Defendant failed to repair Plaintiff's vehicle within a reasonable time.

72.    As a result of this failure, Plaintiff has significant loss of personal use of the vehicle, and lost confidence in the Defendant's ability to competently repair the vehicle.

73.    Plaintiff remains financially liable for subject vehicle, and unable to purchase a replacement vehicle. Additionally, Plaintiff has lost wages due to the inability to obtain consistent transportation.

74.    Additionally, Plaintiff fears the reoccurring suspension issue, and the other numerous issues may malfunction and subject him to another vehicular accident.

75.    Furthermore, Defendant has ceased communication(s) with the Plaintiff.

76.    Plaintiff has suffered mental issues including but not limited to anxiety and/or mental anguish due to remaining financially liable for the vehicle, and the reoccurring malfunctioning issue(s) of the vehicle.

## AD DAMNUM

77.     That, as a direct and/or proximate cause and/or result of the aforementioned actions and/or omission on the part of the Defendant, the Plaintiff sustained damages and injuries in that they suffered and continues to suffer monetary loss, anguish and suffering, and continues to suffer anxiety, anger and worry. In order to correct the injustice, Plaintiff obtained legal counsel and has incurred attorney's fees and all other extra-contractual damages as provided by law, all of which she is entitled to recover for.

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, the Plaintiffs pray for judgment of and from the Defendant(s) in an amount to be determined by the jury to include, the following:

1.     To properly compensate the Plaintiffs for their loss;

2.     Attorney's fees, together with cost;

3.     Prejudgment and post judgment interest; and

4.     For such other and further relief as the court deems just and proper under the circumstances.

5.     That all issues be tried before a jury.

Respectfully submitted,

Shane Bracko

By: _____

DANIEL D. WARE, his attorney

WARE LAW FIRM, PLLC
Daniel D. Ware, MSB#10847
103 3rd Street NW
Magee, Mississippi 39111
Telephone: (601)439-7079
Facsimile: (601) 439-7063
dware@warelawfirm.com

**FILED**
GRENADA COUNTY

MAR 17 2026

MICHELE REDDITT GARCIA, CIRCUIT CLERK
BY: _____ D.C.

14 | P a g e

# Ware Law Firm, PLLC

March 12, 2026

Grenada County Circuit Clerk
P.O. Box 1517
Grenada, Mississippi 38902

**Re:** *Bracko v. Tesla et al*
*Initial Filing*

Dear Clerk,

Enclosed please find the following:

    a. Original Complaint,
    b. three (3) Summonses (please execute and return two (2) of them),
    c. Civil Cover Sheet,
    d. Check for filing fee; and,
    e. Self-addressed return envelope.

Thank you for your assistance.

Please contact my office if you have any questions.

Sincerely,

Daniel D. Ware

Enclosures:
DDW/jmh

FILED
GRENADA COUNTY

MAR 17 2026

MICHELE REDDITT GARCIA, CIRCUIT CLERK
BY: _____ D.C.

---

Daniel D. Ware
Attorney-at-Law
dware@warelawfirm.com

103 3rd Street NW
Magee, Mississippi 39111
www.warelawfirm.com

(601) 439-7079
Facsimile (601) 439-7063